THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EMAD L. MASSOUD, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:21-cv-3438 |
| § | |
| AMEROM, INC. dba § | |
| WESTERN EAGLE SECURITY, § | |
| SAMMMY MALAK, INDIVIDUALLY, § | |
| and OSAMA MALAK, § | |
| INDIVIDUALLY, § | |
| § | |
| Defendants. § | |

PLAINTIFF'S ORIGINAL COMPLAINT

SUMMARY OF SUIT

1.  Defendant Amerom, Inc., dba Western Eagle Security (the "Company") provides professional and licensed armed and unarmed security guards for residential, commercial and industrial properties. Defendant Sammy Malak ("S. Malak") managed the Company's day-to-day operations. Osama Malak ("O. Malak") is the Company's president. Reference to the "Defendants" is collectively to the Company, S. Malak and O. Malak.

2.  Unfortunately, the Defendants failed to pay their non-exempt employee, Plaintiff Emad L. Massoud (the "Plaintiff"), overtime compensation for the overtime hours that he worked in violation of the Fair Labor Standards Act, 29 U.S.C. § 207 (2021)("FLSA").

JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction under 29

U.S.C. § 216(b)(2021) and 28 U.S.C. § 1331 (2021).

4.     The Plaintiff brings this Complaint in the district in which the Company does business and where a substantial portion of the conduct charged herein occurred.  As such, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2021).

## THE PARTIES

5.     The Plaintiff was employed by the Company for approximately ten (10) years as an unarmed security guard. In performing his duties for the Company, the Plaintiff engaged in commerce or in the production of goods for commerce.

6.     The Company, an enterprise engaged in commerce, is a Texas corporation with its principal place of business located in Hutto, Texas.  The Company has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff.  The Company may be served with process by serving Sammy Malak, its registered agent, at 11201 Richmond, Suite 108A, Houston, Texas 77082.

7.     S. Malak acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff.  Malak may be served with process at 11201 Richmond, Suite 108A, Houston, Texas 77082.

8.     O. Malak acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff.  O. Malak may be served with process at 3150 W. Hampton, Houston, Texas 77082.

BACKGROUND

9. The Company, founded in 2003, is a locally based company with a branch office in Austin, Texas. During the past three (3) years, the Company has generated gross annual revenues of at least $500,000.00.

10. The Plaintiff, an hourly employee, was employed by the Company as an unarmed security guard.

11. Despite being an hourly employee, the Plaintiff was paid the same hourly rate for all hours worked, including overtime hours. However, the Company manipulated its payroll records to reflect that the Plaintiff was paid overtime for hours worked over forty (40) hours in a work week.

12. When the Plaintiff inquired about being paid time and one-half for hours worked over forty (40) hours in a workweek, he was informed by S. Malik that he could continue working more than forty (40) hours at the same hourly rate or the Company could schedule him for only forty (40) hours per week.

13. As a non-exempt employee, the Plaintiff was entitled to be paid one and one-half (1½) times his hourly rate of pay for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207 (2021).

14. No exemption excuses the Defendants from paying the Plaintiff overtime compensation for all hours worked over forty

(40) hours each work week. Nor have the Defendants made a good faith effort to comply with the FLSA. Instead, the Defendants knowingly, willfully, or with reckless disregard carried out an illegal pattern or practice regarding unpaid overtime compensation with respect to the Plaintiff.

15. S. Malak and O. Malak (the "Malaks") have a substantial financial interest in the Company and has been directly involved in:

    a.  the hiring and firing of its employees;

    b.  its day-to-day operations as they relate to defining the terms of employment, workplace conditions, and the level of compensation to be received by its employees;

    c.  its finances; and

    d.  corporate decisions.

## CAUSES OF ACTION

### A. Unpaid Overtime Compensation

16. The Plaintiff regularly worked in excess of forty (40) hours per week for which he was not compensated at one and one-half (1½) times his regular rate of pay.

17. As a non-exempt employee, the Plaintiff was entitled to be paid overtime compensation for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207(a) (2021). Accordingly, the Defendants' practice of failing to pay the Plaintiff overtime compensation was and is a clear violation of the FLSA.

18. No exemption excused the Defendants from paying the Plaintiff overtime compensation for hours worked over forty (40) hours in a workweek. Nor did the Defendants make a good faith effort to comply with the FLSA. Instead, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to the Plaintiff.

19. Accordingly, the Plaintiff is entitled to be paid overtime compensation in an amount which is one and one-half (1½) times his regular rate of pay for his hours worked in excess of forty (40) hours each workweek.

20. Additionally, the Plaintiff is entitled to an amount equal to all of his unpaid overtime compensation as liquidated damages.

21. Finally, the Plaintiff is entitled to reasonable attorneys' fees and costs in this action. 29 U.S.C. § 216(b) (2021).

PRAYER

WHEREFORE, Plaintiff Emad L. Moussad requests that this Court award him judgment, jointly and severally, against Defendants Amerom, Inc., dba Western Eagle Security, Sammy Malak, Individually, and Osama Malak Individually, for the following:

- a. damages for the full amount of the Plaintiff's unpaid overtime compensation;
- b. an amount equal to the Plaintiff's unpaid overtime compensation as liquidated damages;

c.  reasonable attorneys' fees, costs and expenses of this action;

d.  pre-judgment interest and post-judgment interest at the highest rates allowable by law; and

e.  such other and further relief as may be allowed by law.

>Respectfully submitted,
>
>/S Mark Siurek
>Mark Siurek
>TBA# 18447900
>Fed ID# 9417
>3334 Richmond Ave, Suite 100
>Houston, Texas  77098
>713-522-0066 (telephone)
>713-522-9977 (fax)
>msiurek@warrensiurek.com
>
>ATTORNEY-IN-CHARGE FOR PLAINTIFF
>
>OF COUNSEL:
>
>WARREN & SIUREK, L.L.P.
>Patricia Haylon
>TBA# 09281925
>Fed ID# 13941
>3334 Richmond Ave, Suite 100
>Houston, Texas 77098
>713-522-0066 (telephone)
>713-522-9977 (fax)
>thaylon@warrensiurek.com